UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE ALLEN HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:19-CV-226 JAR |
| | ) |
| BOBBY SULLIVAN and CITY OF SIKESTON, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Antoine Allen Harris for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $45.44. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he receives $7.50 a month in state tip, but otherwise he has no sources of income and has received no money in the past twelve months. ECF No. 2. However, on December 23, 2019, plaintiff filed a certified inmate account statement, which indicates an average monthly deposit of $227.18 and an average monthly balance of $39.70. ECF No. 4. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $45.44, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S.

519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

### The Complaint

Self-represented plaintiff Antoine Allen Harris (Missouri inmate no. 1036347), currently incarcerated at South Central Correctional Center ("SCCC"), brings this action under 42 U.S.C. § 1983.  Named as defendants are Bobby Sullivan (Detective) and the City of Sikeston.  Plaintiff alleges violations of his civil rights stemming from his conviction for second-degree murder.  *See State of Missouri v. Antoine Harris-Applewhite*, No. 15SO-CR01374-01 (33rd Judicial Circuit, Scott County Court).

Plaintiff's complaint consists of a series of conclusory legal accusations and claims, including: harassment, slander, false imprisonment, false allegations, discrimination, failure to train and supervise, failure to preserve evidence, and negligence.  Plaintiff provides little to no factual support for any of these allegations.

Plaintiff alleges Sullivan subjected him to "cruel and unusual punishment," engaged in "unprofessional conduct," "severely discriminated" against him, and submitted a "false probable cause affidavit."  Plaintiff states that Sullivan's probable cause affidavit was "false" because of a date discrepancy within the document.  Plaintiff attached the affidavit to his complaint.  ECF No. 1-1 at 9.  Plaintiff underlined the first paragraph of the affidavit where Sullivan wrote that he had

- 3 -

"probable cause to believe that on 06-06-2015" plaintiff committed "First Degree Murder." However, in the second paragraph of the affidavit, Sullivan indicated the murder occurred on "12-19-15." The affidavit is signed by Sullivan and dated "12-19-15." Plaintiff further alleges there was no evidence to convict him and the City of Sikeston is subject to municipal liability "for all coworkers and employees . . . for failure to train or supervise."

For relief, plaintiff seeks punitive damages in the amount of 289 million for "wide abuses" and "false imprisonment." Plaintiff states he "got 56 years for something [he] didn't do."

### Background[1]

A review of this Court's records shows that plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 26, 2019. *Harris v. Payne*, No. 4:19-CV-3409-RWS, ECF No. 1 (E.D. Mo). According to the filings in that case, plaintiff was convicted by a Missouri jury on July 23, 2019 for murder in the second degree, armed criminal action, unlawful use of a weapon, and unlawful possession of a firearm. Plaintiff was sentenced on September 3, 2019, in Scott County Circuit Court to a total of fifty (50) years' imprisonment in the Missouri Department of Corrections. *State v. Harris*, No. 15SO-CR01374-01 (33rd Judicial Circuit, Scott County Court). In his § 2254 petition, plaintiff alleged that his sixth amendment rights were violated during his state court trial when the trial court allowed the testimony of "false witnesses." Plaintiff also stated that his due process rights were denied during the trial.

Plaintiff informed this Court in his § 2254 petition that a direct appeal of his criminal conviction was pending in the Missouri Southern District Court of Appeals, *Harris v. State*, No.

---

[1] The Court takes judicial notice of its own records regarding a prior civil proceeding filed by plaintiff. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)). The Court also takes judicial notice of plaintiff's underlying state court cases on Case.net, Missouri's online case management system, which are public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

SD36298.  After issuing a show cause order, the Court dismissed plaintiff's § 2254 petition for failure to exhaust available state remedies before bringing his claim to this Court.  *Harris v. Payne*, No. 4:19-CV-3409-RWS, ECF Nos. 8, 9.  As of the date of this Court's Order, plaintiff's direct appeal is still pending in Missouri Southern District Court of Appeals.

## Discussion

### A.  Claim Against City of Sikeston

Plaintiff fails to assert a cognizable municipal liability claim against the City of Sikeston.  In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983.  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").  Thus, there are three ways in which a plaintiff can prove municipal liability.

First, plaintiff can show the existence of an unconstitutional policy.  "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).  *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question").  For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).  However, when "a policy is constitutional on its face, but it is

asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff presents no facts to support the proposition that the City of Sikeston has an unconstitutional policy or custom that caused plaintiff's constitutional rights to be violated. He has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown a "widespread, persistent pattern of

unconstitutional misconduct" by the City of Sikeston employees, much less that such misconduct was tacitly authorized by officials of the City of Sikeston. *See Johnson*, 725 F.3d at 828.

Plaintiff only makes conclusory allegations of the City of Sikeston's "failure to train and supervise" its employees and states there were "widespread abuses," but plaintiff provides no specific facts and fails to point to any pattern of such conduct by City of Sikeston employees. There are no facts showing that the City of Sikeston had notice that its training procedures were inadequate, were likely to result in a constitutional violation, or that any purported failure to train actually caused plaintiff's alleged injury. Plaintiff's allegations seem to be primarily concerned with Sullivan's submission of an allegedly false probable cause affidavit. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Thus, plaintiff has failed to state a municipal liability claim against the City of Sikeston, and the claim must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B.  Claim Against Bobby Sullivan

Plaintiff's complaint can be understood to allege that Sullivan violated his Fourth Amendment rights by preparing a false probable cause affidavit to use as a basis for an arrest warrant. *Moody v. St. Charles County*, 23 F.3d 1410, 1411-12 (8th Cir. 1994) (holding that an allegation of a false affidavit for an arrest warrant may be sufficient to state a § 1983 Fourth Amendment claim against affiant officer).

Plaintiff only takes issue with a date discrepancy in Sullivan's probable cause affidavit. Plaintiff states that Sullivan "made up false allegation on approximately dates 6-6-2015 then

changing up date 12/19/2015." Plaintiff attaches the affidavit to his complaint, in which he underlines the first paragraph where Sullivan wrote that he had "probable cause to believe that on 06-06-2015" plaintiff committed "First Degree Murder." ECF No. -1-1 at 19. However, in the next paragraph of the affidavit, Sullivan indicated that the murder occurred on "12-19-15." The affidavit is signed by Sullivan and dated "12-19-15."

Plaintiff does not allege that the date discrepancy in the probable cause affidavit was intentional and not a clerical mistake. Plaintiff also fails to allege what constitutional harm resulted from Sullivan's inclusion of an incorrect date in one paragraph of the affidavit when the second paragraph lists the correct date of the offense. Plaintiff does not dispute that the murder for which he was convicted occurred on December 19, 2015. Thus, plaintiff provides no factual support from which the Court can draw the reasonable inference that the defendant is liable for a constitutional violation. *See Iqbal*, 556 U.S. at 678.

Plaintiff also alleges Sullivan subjected him to "cruel and unusual punishment," was discriminatory, and engaged in "unprofessional conduct." However, plaintiff provides no facts to support these conclusory allegations. *See Stone*, 364 F.3d at 914-15) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

In short, the only thing that plaintiff has presented in his complaint are legal conclusions devoid of any factual enhancement. Such legal conclusions are insufficient to state a claim. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Therefore, upon initial review, the Court finds that the claims against Bobby Sullivan fail to state a claim upon which relief can be granted and will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### C.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  ECF No. 3.  The motion will be denied as moot as this action is being dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $45.44 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 9th day of June, 2020.

                                                         /s/ John A. Ross
                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**